Filed 10/27/14  Sparks v. CBS News CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PHIL SPARKS, | B254434 |
| Plaintiff and Appellant, | (Los Angeles County |
| v. | Super. Ct. No. BC513939) |
| CBS NEWS INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court for Los Angeles County, Ruth Ann Kwan, Judge.  Affirmed.

Phil Sparks, in pro. per., for Plaintiff and Appellant.

Jeffer, Mangels, Butler & Mitchell and John J. Lucas for Defendant and Respondent.

Plaintiff Phil Sparks appeals from the dismissal of his lawsuit against defendant CBS News Inc. (CBS), after the trial court granted CBS's special motion to strike under Code of Civil Procedure section 425.16 (section 425.16). We affirm the judgment.

## BACKGROUND

On July 2, 2013, Sparks filed a complaint against CBS, alleging claims for libel and intentional infliction of emotional distress, based upon an article CBS published on August 14, 2012. The article described a hearing in the superior court in which the court granted a restraining order against Sparks, ordering him to stay 300 yards away from singer-songwriter Sheryl Crow and film executive Harvey Weinstein. The complaint alleges the article contained three defamatory statements: (1) that a union representative said that Sparks told her he was going to shoot Crow and Weinstein; (2) that forensic psychiatrist Dr. David Glaser interviewed Sparks and determined Sparks was "imminently dangerous"; and (3) that Dr. Glaser made a diagnosis that Sparks is "unambiguously delusional." The complaint alleges these statements are false because Sparks never told anyone he was going to shoot Crow or Weinstein, and Dr. Glaser only spoke briefly to Sparks in a casual conversation, and did not interview him in any professional capacity. The complaint also alleges that the article was not a fair and accurate report of the court proceedings because it failed to include facts favorable to Sparks.

CBS filed a special motion to strike (a so-called anti-SLAPP motion) under section 425.16.[1] CBS argued that Sparks' complaint arises out of protected

---

[1] CBS's motion also included a request to declare Sparks a vexatious litigant. The trial court denied that motion without prejudice, and CBS has not appealed from that ruling.

2

activity, and that Sparks cannot establish a probability of prevailing because (1) Sparks' claims are barred by the "fair and true report" privilege under Civil Code section 47, subdivision (d) (section 47(d)); (2) the claims are barred by the First and Fourteenth Amendments, which shield the press from liability for truthfully publishing public information in official court records; and (3) Sparks failed to request a retraction under Civil Code section 48a, and therefore cannot recover general damages. In support of its motion, CBS submitted, among other things, a copy of the reporter's transcript of the hearing on the restraining order, which hearing was the subject of the article at issue in the complaint.

The trial court granted the motion. The court found that Sparks' causes of action arise from the publication of a news article concerning a judicial proceeding, and therefore they arise from protected activity under section 425.16, subdivision (e)(2). The court also found that Sparks failed to meet his burden to demonstrate a probability of prevailing because he failed to submit any admissible evidence to support his causes of action. Additionally, the court found that CBS submitted evidence showing the article at issue was absolutely privileged under section 47(d), and Sparks failed to submit any admissible evidence to show that the article was not a "fair and true report" and thus not entitled to protection under section 47(d). Finally, the court found that Sparks failed to submit evidence showing he complied with Civil Code section 48a by requesting a retraction or correction, and failed to submit evidence showing he suffered any special damages. Sparks timely filed a notice of appeal from the court's ruling.

3

## DISCUSSION

"Section 425.16 provides an expedited procedure for dismissing lawsuits that are filed primarily to inhibit the valid exercise of the constitutionally protected rights of speech or petition. . . . [¶] A special motion to strike a complaint under section 425.16 involves two steps. First, the moving party has the initial burden of making a threshold showing that the challenged cause of action is one arising from a protected activity. (§ 425.16, subd. (b)(1).) In order to meet this burden, the moving party must show the act underlying the challenged cause of action fits one of the categories described in section 425.16, subdivision (e). [Citation.] [¶] Once the moving party has made the threshold showing, the burden in step two shifts to the opposing party. Under step two of the statutory analysis, the opposing party must demonstrate a probability of prevailing on the claim. (§ 425.16, subd. (b)(1).)" (*Albanese v. Menounos* (2013) 218 Cal.App.4th 923, 928.) If the opposing party fails to do so, the special motion to strike properly is granted.

On appeal, we review the order granting the special motion to strike de novo, engaging in the same two-step process as the trial court. (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1016-1017.)

A.    *Step One -- Arising From Protected Activity*

As noted, the trial court found that Sparks' causes of action arise from protected activity under section 425.16, subdivision (e)(2). That subdivision states that protected activity includes "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." (§ 425.16, subd. (e)(2).)

Sparks contends the trial court misinterpreted subdivision (e) when it found that a news article concerning a judicial proceeding constitutes protected activity

4

under section 425.16. He argues that, to be protected activity, the "report" (by which it appears he means the writing at issue) must be "authorized by law." He is incorrect. The phrase "authorized by law" in subdivision (e)(2) relates to "any other official proceeding" rather than the "written or oral statement or writing."

It is well established that publishing a news article that reports on statements made during a judicial or other official proceeding constitutes protected activity under section 425.16, subdivision (e). (See, e.g., *Sipple v. Foundation for Nat. Progress* (1999) 71 Cal.App.4th 226, 237-238 [magazine article describing allegations that arose during judicial proceeding is protected under section 425.16] (*Sipple*); see also *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 862-863 [news articles reporting on hearings before Board of Supervisors and related lawsuits are protected under section 425.16]; *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036, 1048-1049 [news article reporting on an authorized official proceeding is protected under section 425.16].) Therefore, the trial court correctly found that Sparks' causes of action, which were based upon statements made in a news article reporting on a judicial proceeding, arose from protected activity under section 425.16.

B.     *Step Two -- Probability of Prevailing*

"To show a probability of prevailing for purposes of section 425.16, a plaintiff must ""'make a prima facie showing of facts which would, if proved at trial, support a judgment in plaintiff's favor.'"" [Citation.] This standard is 'similar to the standard used in determining motions for nonsuit, directed verdict, or summary judgment,' in that the court cannot weigh the evidence. [Citations.] However, the plaintiff 'cannot simply rely on the allegations in the complaint' [citation], but 'must provide the court with sufficient *evidence* to permit the court to determine whether "there is a probability that the plaintiff will prevail on the

claim.'" [Citation.]" (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1010.)

In this case, the trial court found that Sparks failed to present any admissible evidence to support his causes of action, and therefore failed to meet his burden to demonstrate a probability of prevailing. The record on appeal supports the court's finding. The only evidence submitted by Sparks that is included in the record on appeal[2] is records from the Medical Board of California regarding a disciplinary proceeding against Dr. Glaser, the forensic psychiatrist whose testimony was reported in the news article at issue. Sparks contends that those records establish that Dr. Glaser's medical license was revoked at the time he testified at the hearing on the protective order.[3] But whether Dr. Glaser's license was revoked is irrelevant to Sparks' libel and intentional infliction of emotional distress causes of action, and has no bearing on Sparks' probability of prevailing, because the news article at issue merely reported on the testimony presented at the hearing; the validity of Dr. Glaser's license was not raised at the hearing.

Inasmuch as the record on appeal supports the trial court's finding that Sparks failed to present evidence to meet his burden to establish a probability of prevailing on his causes of action, we may affirm the dismissal of Sparks' complaint on that basis alone. But even if Sparks had submitted some relevant evidence, and included that evidence in the record on appeal, we nevertheless would affirm the dismissal on another ground relied upon by the trial court, i.e., the

---

[2]    We note that Sparks failed to designate for inclusion in the clerk's transcript his opposition to CBS's motion.

[3]    In fact, it appears that Dr. Glaser's medical license was not actually revoked. Although the Disciplinary Order states that the Physician and Surgeon's Certificate issued to Dr. Glaser "is revoked," it then states: "However, *the revocation is stayed* and [Dr. Glaser] is placed on probation" for two years under certain terms and conditions. (Italics added.)

6

court's finding that the news article at issue was absolutely privileged under section 47(d).

Section 47(d) provides, in relevant part, that a privileged publication is one made "[b]y a fair and true report in, or a communication to, a public journal, of (A) a judicial . . . proceeding, or (D) of anything said in the course thereof." (Civ. Code, § 47, subd. (d)(1).) The statute provides "a broad protection over the media." (*Sipple*, *supra*, 71 Cal.App.4th at pp. 241-242.) "[T]he 'fair and true report' requirement [in section 47(d)] does not limit the privilege to statements that contain no errors. Our Supreme Court recognized that '"[e]rroneous statement is inevitable in free debate, and . . . must be protected if the freedoms of expression are to have the 'breathing space' that they 'need . . . to survive.'"' [Citation.]' [Citation.] Thus the publication concerning legal proceedings is privileged as long as the substance of the proceedings is described accurately. 'Under California law, a newspaper report is "fair and true" if it captures '"the substance, the gist, the sting of the libelous charge."' [Citations.]'" (*Colt v. Freedom Communications, Inc.* (2003) 109 Cal.App.4th 1551, 1558.)

In this case, we have reviewed the reporter's transcript from the hearing the news article reported on, and conclude the trial court was correct in finding that the article's statements that Sparks asserts were libelous and caused him emotional distress -- (1) that a union representative said that Sparks told her he was going to shoot Crow and Weinstein; (2) that forensic psychiatrist Dr. David Glaser interviewed Sparks and determined Sparks was "imminently dangerous"; and (3) that Dr. Glaser made a diagnosis that Sparks is "unambiguously delusional" -- were accurate reports of the testimony at the hearing. Sparks does not contend otherwise, but instead argues that section 47(d) does not apply because a "fair and true report" must include "both sides of the case roughly equally." He is incorrect. The focus of the court proceeding was to determine whether Sparks presented a

7

threat to Crow and Weinstein such that they were entitled to a restraining order. The court in that proceeding relied upon the evidence presented and concluded that he was such a threat. The news article published by CBS merely recounted the evidence the trial court relied upon in issuing the restraining order. Thus, the article captured the substance or gist of the court proceeding and was absolutely privileged under section 47(d).

## DISPOSITION

The judgment is affirmed. CBS shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

MANELLA, J.

COLLINS, J.

8